**GOSHORN et, Minors, In re.**

Juvenile Court, Columbiana County.

Nos. 7539, 7540.   Decided August 13, 1959.

## OPINION

By TOBIN, J.

This matter came on to be heard on the motion of the mother and sole surviving parent of the children involved, who appeared solely for the purpose of contesting the jurisdiction of the Court in this matter. The only question therefore before this Court is whether or not this Court has jurisdiction to hear this matter as to whether these children herein are neglected and dependent children and make a disposition of the custody of these children.

## FACTS

The Court finds the following to be the facts:

That the mother, Iona Hartshorne, was involved in a contested divorce in the Court of Common Pleas, Columbiana County, being case No. 44111, in which she was found to be an unfit mother for the Hartshorne children involved in that particular divorce case. Prior to her marriage to Hartshorne, she had borne the children in question to her former husband, Goshorn, who is now deceased. That by virtue of the facts as adduced in the divorce in the Court of Common Pleas there was issued a temporary order turning the Goshorn children over to the Welfare Department and certifying the same to the attention of the Juvenile Court of this County; that the hearing on the divorce was on June 25, and June 26, 1959, and the Journal Entry on same was signed on June 29, 1959.

That on June 29, 1959, a complaint was filed by Goldie Kidder, Welfare Worker, charging the children in question as neglected and dependent children, and the mother unfit, and this Court made a temporary commitment by Journal Entry of the Goshorn children pending a full hearing, to the Welfare Department. Later on June 29, 1959, the probation officer of the Juvenile Court, together with an officer of the Welfare Department physically took control of the children from the mother and informed the mother that they were so doing and the reasons for it, reading the complaint to her; no citations were served at that time on the mother. This took place admittedly by all parties, in Columbiana County, Ohio.

After the children had so been taken, the mother then moved into Stark County to the home of the father of the man whom she married on July 10, 1959, and with whom she admittedly had an adulterous child. On July 29, 1959, citation was issued and served on the mother, the sole surviving parent in Stark County by the Stark County Sheriff and a return was duly made and a date set for hearing.

The Court finds from the testimony of the mother herself that she had a residence in Columbiana County up to and including the time when the children were actually taken into custody by the Welfare Department; that although she intended to move to Stark County to the home of her paramour, later her husband, she did not accomplish this until after the children had been taken. Her testimony was to the effect that she had not intended to move until June 30th, 1959, but hastened to move after the children had been taken from her. The Court further finds that she had resided continuously in Stark County since

the late afternoon of June 29th, 1959, and after the children were removed.

There are two questions raised by the mother in this motion:

1. That jurisdiction does not attach to the Juvenile Court until service is had upon the mother and sole parent, and if this be true,

2. That the service not having been made until July 22, 1959, and when there can be no dispute that the mother was a resident in Stark County, that the Juvenile Court of Columbiana County did not have jurisdiction, by virtue of §2151.06 R. C., the legal residence follows that of the parent.

The Court will answer both of these questions:

The Court finds that both the mother and the children at the time they were taken into the custody of the Welfare Department, prior to June 29, 1959, were legal residents of Columbiana County, Ohio. That although the mother had intended changing her address in the near future, intention alone is not enough, and her residence and domicile remains unchanged until such time as the actual change is made to the new residence. **In re: Gormans v. B. & O. R. R., 18 O. Jur. 172; In re: Michaels, 16 O. O. 110;** In re: Case No. 52909, Docket 51 Pg. 310 of the Probate Court, Columbiana County, Joseph Kenneth Eddy, a minor, decided December 14, 1956.

Therefore, the Court finds that until the mother actually moved from Columbiana County to Stark County, and which was after the children had been taken into custody by the Columbiana County Department of Welfare, and after the filing of the affidavit charging dependency and neglect, both she and the children were residents of Columbiana County.

2. Does the jurisdiction of this Court, depend upon the time of service upon the mother? The answer to this question is no. **Sec. 2151.27 R. C.**, which as far as germane reads as follows: "Any person having knowledge of a child under 18 who appears to be—delinquent, neglected or dependent—may with respect to such child file a sworn complaint in the Juvenile Court of the County in which said child has a residence or legal settlement or in which such **delinquency, neglect** or **dependency** occurred."

In the instant case, the legal residence or settlement of the children at the time of the filing, and at the time the children were taken into custody and control was Columbiana County. Further, the citations will indicate quite clearly service on parents is not needed to give jurisdiction if the neglect or delinquency took place in the County assuming jurisdiction. Reference is made to **In re: Belk et al, 97 O. O. 194; 86 Oh Ap 377, State, ex rel., v. William, Judge.** Those cases, and a clear reading of the Code indicates that the jurisdiction of the Court is complete upon the signing of the affidavit alleging the facts that the child is neglected and dependent and upon taking of the child into custody in the County assuming jurisdiction.

However, in this case, the Court makes a clear finding that the legal settlement and domicile of the sole parent and children at the time of the filing of the affidavit and the taking of the children into custody

was in Columbiana County, Ohio. The service of the copy of the complaint upon the mother, the time set for hearing at a later date, while it is good form to do so, for the purposes of setting a hearing on the issues in the case is not a prerequisite for the Court to obtain jurisdiction.

Mother's motion is denied, cause is remanded for hearing on the matter at a time to be set by the Court.

EXCEPTIONS ALLOWED TO THE MOTHER.  SEE JOURNAL.